# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| GREGG J. BOSS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:16-cv-04065-NKL |
| THE TRAVELERS HOME & MARINE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Pursuant to 28 U.S.C. § 1292(b), Defendant The Travelers Home & Marine Insurance Company seeks interlocutory appellate review of the Court's order denying Traveler's motion to dismiss.[1] Travelers also requests that if the Court denies its motion for certification, the Court stay proceedings while it seeks permission from the Eighth Circuit to appeal. The motion for certification and request for stay, Doc. 45, are denied.

**I. Background**

This case is a putative class action. Plaintiff Gregg Boss was insured under a homeowners' insurance policy issued by Travelers. Boss submitted a claim for storm damage in 2014 and Travelers issued Boss an "actual cash value" payment. In calculating the payment, Travelers used the formula "full cost of repair or replacement minus recoverable depreciation," and defined depreciation as "the loss in value that occurs over time due to factors such as age, wear and tear and obsolescence." The ACV payment excluded more than $100 in labor costs because of Travelers' practice of applying depreciation to certain items, such as the cost to repair

---

[1] Travelers specifically asks the Court to amend the Order denying its motion to dismiss, so as to grant permission to appeal. Fed. R. App. P. 5(a)(3) (if a party cannot petition for appeal unless the district court first enters an order granting permission to do so, the district may amend its order to include the required permission).

and replace a roof vent, a vent cover, and a gutter. Boss alleges Travelers breached the insurance contract by depreciating labor costs and excluding those amounts from the ACV payment.

Travelers moved to dismiss the complaint for failure to state a claim. On July 25, 2016, the Court denied the motion.

## II. Discussion

Section 1292(b) establishes three criteria for certification of an order for interlocutory appeal: "[T]he district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union County, Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008).

"[It] has ... long been the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (internal quotations and citation omitted). Due to this additional burden, motions for certification should be "granted sparingly and with discrimination." *Id.* (internal quotations and citation omitted). The movant must meet a heavy burden of establishing that the case is "an exceptional one in which immediate appeal is warranted." *White,* 43 F.3d at 376. Thus, the "district judge is given authority by the statute to defeat any opportunity for appeal by certification, in deference to familiarity with the case and the needs of case management." CHARLES ALLEN WRIGHT AND ARTHUR R. MILLER, 16 FED. PRAC. & PROC. JURIS. § 3929 (3rd ed.).

It is unclear that a controlling question of law exists. However, even if it does, Travelers has not shown that certifying an interlocutory appeal will materially advance the ultimate termination of the litigation. Travelers argues that an interlocutory appeal on a contract interpretation issue might render class wide discovery unnecessary in this case, and would help

streamline other cases within this district. But Travelers does not suggest that the litigation will be materially advanced if it is unsuccessful on its appeal. As evidenced in other similar cases, the interpretation of the contract is just one of many issues to be raised by the parties.

Further, the argued benefit of avoiding discovery is one that could be made in any pending class action, or for that matter in any lawsuit. Such reasoning could justify interlocutory appeal on many motions to dismiss and that would be inconsistent with the Eighth Circuit's admonition that motions for certification should be "granted sparingly and with discrimination." *White,* 43 F.3d at 376. *See also Union County,* 525 F .3d at 646 (Legislative history indicates §1292 "was not intended merely to provide review of difficult rulings in hard cases.") (internal quotation and citation omitted).

As for streamlining litigation in *other* cases, Travelers fails to cite any authority that interlocutory appeals are intended to serve such purpose, and the Court has located none. Travelers adds that the Eighth Circuit has recently permitted State Farm to appeal this Court's interlocutory Order certifying a class *LaBrier*. But a decision regarding class certification in that case would not necessarily affect the bases on which this Court denied Travelers' motion to dismiss, nor otherwise lead to termination of this case. Thus, granting interlocutory appeal on the motion to dismiss would only increase the likelihood of multiple appeals, which would decrease judicial efficiency and delay final resolution of the case.

The Court also denies Travelers' request for a stay until it has had the opportunity to seek permission directly from the Eighth Circuit to pursue an interlocutory appeal of the Court's denial of Travelers' motion to dismiss. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The "party requesting a stay bears the burden of showing that the circumstances

justify an exercise" of the Court's discretion to issue a stay. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The Court discussed the reasons, above, why this is not an exceptional case in which an interlocutory appeal will be permitted, and for similar reasons, the circumstances do not justify an exercise of the Court's discretion to stay it, much less to amend the date of its July 25 order to restart the time for Travelers to seek an interlocutory appeal from the Eighth Circuit. *See* §1292(b). If reversal of the Court's Order denying Traveler's motion to dismiss would not necessarily terminate this case, a stay could simply lengthen and complicate the litigation. Furthermore, the deadline for discovery and filing a motion for class certification is January 13, 2017, just three months from now, and the case will already be almost one year old by then. Economy of time and effort for the Court, for counsel, and for the litigants will not be served by a stay.

### III. Conclusion

Defendant The Travelers Home & Marine Insurance Company's motion for certification under 28 U.S.C. § 1292(b), of the Court's order denying The Traveler's motion to dismiss, and request for stay, Doc. 45, are denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: October 12, 2016  
Jefferson City, Missouri